UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILES HARRIS, | : |
| Petitioner, | : Civ. No. 13-5063 (KM) |
| v. | : |
| | : OPINION |
| PAUL K. LAGANA, | : |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Giles Harris, is a state prisoner at Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. From 1989 to 1993 he was serving a sentence on sexual assault charges. From 1995 to 2001 he served a sentence on drug charges. His current incarceration does not result from either of those earlier charges, but from a third, 2006 drug offense.

Mr. Harris's claims in this habeas petition all relate to the 1989 sexual assault case. He asserts unlawful amendment to his 1989 judgment of conviction, violation of the principle of ex post facto, violation of his due process rights, and judicial abuse of discretion in sentencing. Because he is no longer in custody on that sexual assault conviction, this habeas petition will be dismissed for lack of jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 1988, Mr. Harris pled guilty to two counts of aggravated sexual assault, N.J. STAT. ANN. § 2C:14-2a(4). He was sentenced to two concurrent prison terms of eleven years, only four years of which were mandatory. The remaining thirteen counts in the

indictment were dismissed. (*See* ECF No. 11-5 at 2.) Mr. Harris was paroled on March 23, 1993, after serving his four mandatory years. (*See* ECF No. 12-1 at 6.) On March 15, 1994, Mr. Harris was arrested on unrelated drug offenses. After a jury trial, Mr. Harris was convicted of said drug offenses and was sentenced on January 27, 1995 to a five-year prison term. (*Id.*) Upon his release from prison in August 2001, Mr. Harris was informed that he was now subject to the registration requirements of Megan's Law, N.J. STAT. ANN. § 2C:7-1 *et seq*, which had been passed by the New Jersey legislature and signed by Governor Whitman while Mr. Harris was on trial for the drug charges. (*Id.*)

In 2010, while incarcerated for an unrelated drug offense, Mr. Harris filed a petition for post-conviction relief ("PCR") with the New Jersey state courts. In that PCR petition, he argued (*inter alia*) that his 1988 guilty plea to the sexual assault charges was not voluntary, and that the retroactive imposition of Megan's Law registration requirements for sex offenders was unconstitutional. (*Id.* at 7.) The PCR court denied all of Mr. Harris's claims in a written opinion. (*Id.*; *see also* ECF No. 11-4.) Mr. Harris appealed the PCR court's denial, and the Appellate Division affirmed. (ECF No. 11-5.) The Supreme Court of New Jersey denied certification on January 6, 2013. *See State v. Harris*, 213 N.J. 568 (2013).

In October of 2013, Mr. Harris filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, and thereafter filed an amended habeas petition. (ECF Nos. 1, 5) On December 12, 2013, the State filed an Answer to the amended petition. (ECF Nos. 11, 12) On January 9, 2014, Harris filed a reply to the State's Answer. (ECF No. 14)

The amended petition raises the following claims:

> (1) State of New Jersey Unlawfully Amended Judgment of Conviction to Add Restrictions to Plea Contract Years After Finality;

(2) State of New Jersey Violated the Ex Post Facto Clauses of the Federal and State Constitutions;

(3) State of New Jersey Violated Due Process of Law When it Failed to Allow Petitioner to Withdraw Plea and Pursue Trial; and

(4) The PCR Court, Appellate Court and Supreme Court All Abused its Discretion in Failing to Allow Defendant to Withdraw from Plea After it was Amended.

Amended Petition, ECF No. 5, at 5-10.

## II. STANDARD OF REVIEW

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Harris has the burden of establishing each claim in the petition. *See Eley v. Erickson,* 712 F.3d 837, 846 (3d Cir. 2013).

## III. DISCUSSION

Respondent argues that this Court cannot entertain Mr. Harris's amended habeas petition because Mr. Harris, at the time of filing his petition, was no longer "in custody" within the meaning of 28 U.S.C. § 2254(a). (*See* ECF No. 12-1 at 13.) Title 28 of the United States Code, Section 2254, gives the Court jurisdiction to hear a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

3

28 U.S.C. § 2254(a) (emphasis added).

Thus a federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets the "in custody" requirement. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time of his petition."). As the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction." *Wells v. Varner*, 392 F. App'x 914, 916 (3d Cir. 2010) (quoting *Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971)). "Custody" is defined not only as physical confinement, but includes such limitations on a person's liberty as those imposed during parole. *See Maleng*, 490 U.S. at 491. The "in custody" requirement is satisfied where the state imposes "significant restraints on [a] petitioner's liberty ... which are in addition to those imposed by the State upon the public generally." *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 508 (1982) (internal quotations omitted). But "custody" does *not* include mere non-punitive "collateral consequences" of a conviction. *See Maleng,* 490 U.S. at 492.

Mr. Harris acknowledges, of course, that he finished serving his custodial sentence on the sexual assault charges twenty years ago, in 1995. There is no dispute that New Jersey passed Megan's Law, containing registration requirements for sex offenders, in 1994, long after Harris was sentenced on the sexual assault charges in 1989. *See* N.J. STAT. ANN. § 2C:7-1 *et seq* (eff. Oct. 31, 1994). Those after-imposed Megan's Law requirements, Harris contends, are not mere "collateral consequences" of his 1989 conviction. Rather, they constitute additional and ongoing punishment. As a result, he says, he remains "in custody" on the 1989 sexual assault sentence for purposes of federal habeas review, despite having served his custodial sentence. (*See* ECF No. 5.)

4

The United States Court of Appeals for the Third Circuit has not ruled on the issue of whether sex offender registration requirements constitute custody. Courts within this District, however, have adopted the reasoning of the Ninth Circuit in holding that registration requirements under a sex offender statute "lack the discernible impediment to movement that typically satisfies the 'in custody' requirement." *Shakir v. State*, Civ. No. 05-2980, 2006 WL 126437, at *2 (D.N.J. Jan. 17, 2006) (Martini, J.) (quoting *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998)). In *Shakir*, Judge Martini held that the registration requirement under Megan's Law is a collateral consequence of a conviction. As such, it is more analogous to a fine or revocation of a license than to the impediments that attend parole or incarceration. *See id.; see also Melang*, 490 U.S. at 492 ("Collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it."). The registration requirement "does not restrict the petitioner's liberty in that it does not prevent him from traveling, and does not require him to make appearances before state officials." *Shakir*, 2006 WL 126437, at *2; *see also Moore v. New Jersey*, 2012 WL 1574370, at *3 (D.N.J. May 3, 2012) ("the . . . provisions under [] Megan's Law . . . do not constitute a severe and immediate restraint on liberty").

The reasoning announced in *Shakir* has been followed in the District of New Jersey since 2006. *See, e.g., Bell v. New Jersey*, 2014 WL 7177215, at *2 (D.N.J. 2014); *Moore v. New Jersey*, 2012 WL 1574370, at *3 (D.N.J. 2012); *Bango v. Green-Allen*, 2011 WL 9500, at *2 (D.N.J. 2011); *Coleman v. Arpaio*, 2010 WL 1707031, at *2 (D.N.J. 2010). Every federal circuit that has considered a similar issue has held likewise. *See, e.g., Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (holding that registration under Virginia and Texas sex offender statutes is not custody for purposes of habeas jurisdiction); *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir.

2008) (same, Wisconsin sex offender registration statute); *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002) (same, Ohio sex offender registration statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (same, Washington sex offender registration statute). And the New Jersey Supreme Court, for its part, has ruled authoritatively that the registration requirements of Megan's Law are meant to serve remedial, not punitive, purposes. *See Doe v. Poritz*, 142 N.J. 1, 16 (1995).

I am persuaded by the overwhelming weight of authority. Because the requirement to register under Megan's Law is a collateral consequence of Mr. Harris's conviction, as opposed to a punitive restraint on liberty, Harris is not "in custody" pursuant to his 1989 sentence for sexual assault.[1] His amended habeas petition will therefore be dismissed for lack of jurisdiction.

Because I lack the threshold jurisdiction to hear this habeas case, I do not reach the State's other proffered grounds for dismissal, such as the one-year AEDPA statute of limitations, *see* 28 U.S.C. § 2244(d)(1), and the alleged failure to establish any unreasonable application of clearly established federal law or unreasonable determination of the facts, *see* 28 U.S.C. § 2254..

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

---

[1] The "in custody" requirement, of course, pertains to the conviction or sentence being challenged; a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time of his petition." *Maleng*, 490 U.S. at 490. It is therefore irrelevant that Mr. Harris is currently incarcerated on an unrelated drug offense.

6

adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). I find that this standard is not met, and I will not order the issuance of a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the amended petition for habeas relief is dismissed for lack of jurisdiction. A separate order will issue.

Dated: July 16, 2015

                                                          KEVIN MCNULTY
                                                          United States District Judge